IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS BARRON | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. 17-372-JWD-EWD |
| VS. | * | |
| | * | |
| | * | |
| SHERMAN ANDERSON, JR. | * | |
| DEFENDANT | * | |

## DECLARATION OF GARTH J. RIDGE
## IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Garth J. Ridge declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746), that the following statements are true:

1. I am the attorney representing the plaintiff Curtis Barron in the above-captioned matter.

2. I have done a search for the defendant, Sherman Lee Anderson, Jr. and he is not an infant, nor an incompetent, and subject to the protections of the Servicemembers Civil Relief Act, 50 U.S.C. Appx § 3901, *et seq.*, please see the attached record from the Department of Defense.

3. I received a Juris Doctor degree from the Paul M. Hebert Law Center of Louisiana State University in May 1990.

4. I am admitted to the following Courts:

   Supreme Court of Louisiana
   New Orleans, Louisiana
   April 15, 1991

   United States Court of Appeals
   Fifth Circuit
   New Orleans, Louisiana
   June 13, 1995

Middle District of Louisiana
Baton Rouge, Louisiana
June 13, 1991

Western District of Louisiana
Lafayette, Louisiana
July 10, 1991

Eastern District of Louisiana
New Orleans, Louisiana
November 29, 1995

5. I have been in private practice in Baton Rouge, Louisiana since June, 1991, and the a significant portion of my practice is comprised of litigation on behalf of consumers under the federal Consumer Credit Protection Act.

6. I have litigated numerous cases under the federal Consumer Credit Protection Act. in the federal district courts in the state of Louisiana including *Simmons v. Expo Enterprises, Inc.*, 2014 WL 3565624 (M.D.La. 7/18/2014); *Cobb v. A&S Collection Associates*, Inc., 2011 WL 4433579 (M.D.La. 2011); Edwards *v. Your Credit, Inc.*, 148 F.3d 427 (5th Cir. 1998), *Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997), *Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997), *Addison v. Braud*, 105 F.3d 223 (5th Cir. 1997), *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997), *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469 (M.D.La. 1995), and *Bukumirovich v. Credit Bureau of Baton Rouge, Inc.*, 155 F.R.D. 146 (M.D.La. 1994).

7. I have filed and/or litigated in excess of three hundred cases under various consumer protection statutes, and which all are private attorney general matters which allow for the award of attorney's fees and costs to the prevailing plaintiffs.

8. Here is my contemporaneously-recorded expenditure of time and expenses in this matter.

| DATE | STAFF DESCRIPTION | HOURS | RATE | CHARGES |
|---|---|---|---|---|

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/9/16 | GJR | Initial meeting with client. | 1.0 | $300 | $300 |
| 12/21/16 | GJR | Review client documents, research FBM. | 1.0 | $300 | $300 |
| 01/13/17 | GJR | Draft and sign contract. | 0.5 | $300 | $150 |
| 2/3/17 | GJR | Letter to FBM. | 0.5 | $300 | $150 |
| 2/7/17 | GJR | Review response from FBM. | 0.2 | $300 | $60 |
| 3/14/17 | GJR | Letter to FBM. | 0.3 | $300 | $90 |
| 3/15/17 | GJR | Review of FBM response. | 0.2 | $300 | $60 |
| 6/7/17 | GJR | Meeting with client. | 0.5 | $300 | $150 |
| 6/13/17 | GJR | Draft of complaint. | 0.5 | $300 | $150 |
| 6/13/17 | GJR | Draft of summons. | 0.1 | $300 | $30 |
| 6/14/17 | GJR | Civil cover sheet. | 0.1 | $300 | $30 |
| 6/15/17 | GJR | Review of order. | 0.2 | $300 | $60 |
| 7/6/17 | GJR | Letter to sheriff for service. | 0.2 | $300 | $60 |
| 7/13/17 | GJR | Review invoice for service. | 0.1 | $300 | $30 |
| 8/4/17 | GJR | Draft of motion for entry of default. | 0.5 | $300 | $150 |
| 8/9/17 | GJR | Review text entry continuing scheduling conference. | 0.1 | $300 | $30 |
| 8/10/17 | GJR | Review enry of default. | 0.1 | $300 | $30 |
| 8/25/17 | GJR | Meeting with client. | 0.2 | $300 | $60 |
| 8/25/17 | GJR | Research on bankruptcy records for defendant. | 0.3 | $300 | $90 |
| 10/27/17 | GJR | Draft of motion for default judgment. | 0.3 | $300 | $90 |
| 11/3/17 | GJR | Review of email on submission of new motion. | 0.1 | $300 | $30 |
| 12/14/17 | GJR | Meeting with client, draft of affidavit. | 1.0 | $300 | $300 |
| 12/21/17 | GJR | Initial draft of motion for default judgment. | 0.5 | $300 | $150 |
| 1/3/18 | GJR | Meeting with client. | 0.4 | $300 | $120 |
| 1/10/18 | GJR | Review of court's order. | 0.1 | $300 | $30 |
| 1/23/18 | GJR | Draft of motion and memo. | 0.4 | $300 | $120 |
| 1/23/18 | GJR | Research on defendant for SCRA website. | 0.3 | $300 | $90 |
| 1/23/18 | GJR | SCRA search. | 0.3 | $300 | $90 |
| 1/23/18 | GJR | Telephone call with technical support for SCRA website. | 0.2 | $300 | $60 |
| 1/24/18 | GJR | Draft of motion for extension of time. | 0.3 | $300 | $90 |
| 1/30/18 | GJR | SCRA search. | 0.1 | $300 | $30 |
| 1/31/18 | GJR | Draft of motion for extension of time. | 0.3 | $300 | $90 |
| 2/6/18 | GJR | SCRA search. | 0.3 | $300 | $90 |

| Date | Staff | Description | Hours | Rate | Charges |
|---|---|---|---|---|---|
| 2/6/18 | GJR | Draft of memorandum. | 0.5 | $300 | $150 |
| 2/6/18 | GJR | Telephone call with client. | 0.2 | $300 | $60 |
| 2/7/18 | GJR | Final draft of motion for default judgment and memo. | 1.5 | $300 | $450 |
| 2/7/18 | GJR | Draft of affidavit. | 0.5 | $300 | $150 |
| TOTAL | | | 13.9 | | $4170 |

COSTS

| DATE | STAFF | DESCRIPTION | NUMBER | RATE | CHARGES |
|---|---|---|---|---|---|
| 1/13/17 | GJR | Copies of contract. | 2 | .25 | $0.50 |
| 2/3/17 | GJR | Copies of letter | 6 | .25 | $1.50 |
| 2/3/17 | GJR | Fax of letter. | 3 | .25 | $0.75 |
| 2/3/17 | GJR | Postage | 1 | .46 | $0.46 |
| 6/13/17 | GJR | Filing fee. | | | $400 |
| 6/13/17 | GJR | Copies. | 7 | .25 | $1.75 |
| 6/14/17 | GJR | Copies | 1 | .25 | $0.50 |
| 6/15/17 | GJR | Copies of complaint, etc. | 7 | .25 | $1.75 |
| 7/6/17 | GJR | Copies of suit, letter. | 9 | .25 | $2.25 |
| 8/4/17 | GJR | Copies of motion, envelope. | 13 | .25 | $3.25 |
| 8/4/17 | GJR | Postage | 1 | .46 | $0.46 |
| 8/10/17 | GJR | Service fee | 1 | $38.55 | $38.55 |
| 10/27/17 | GJR | Copies of motion. | 2 | .25 | $0.50 |
| 12/14/17 | GJR | Copies of affidavit. | 12 | .25 | $3.00 |
| 1/24/18 | GJR | Copies of motion. | 3 | .25 | $0.75 |
| 1/31/18 | GJR | Copies of motion. | 5 | .25 | $1.25 |
| 2/7/18 | GJR | Copies of motion. | 18 | .25 | $4.50 |
| TOTAL | | | | | $461.72 |

9. My current hourly rate for legal services of this nature is $300.00 per hour, please see the attached order from Judge Shelly D. Dick of the Middle District and the affidavit submitted in support of the attorney's fee request (billing records not included), in the matter entitled Alfred Jackson v. Bennie Brashears, Civil Action Number 13-288-SDD-RLB , document 39 (M.D. La. 8/20/15). The lodestar for my attorney's fees is $4170, 13.9 hours at $300 per hour. I am exercising billing judgment and not requesting fees for the time spent on the October 27, 2017 filing of the Motion to Enter Judgment and Set Hearing Date on Damages, reducing my fee request to $4080.00.

10. I am also seeking costs in the amount of $461.72 for the expenses detailed herein.

Baton Rouge, Louisiana, this 7th day of February, 2018.

                                                                                   _____
                                                                                         Garth J. Ridge, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED JACKSON | * |
|     PLAINTIFF | * |
| | * |
| VS. | *   CIVIL ACTION NO. 13-288-SDD-RLB |
| | * |
| BENNIE BRASHEARS | * |
|     DEFENDANT | * |

## DECLARATION OF GARTH J. RIDGE
## IN SUPPORT OF ATTORNEY FEES AND COSTS

Garth J. Ridge declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746), that the following statements are true:

1. I am the attorney representing the plaintiff Alfred Jackson in this matter.

2. I received a Juris Doctor degree from the Paul M. Hebert Law Center of Louisiana State University in May 1990.

3. I am admitted to the following Courts:

   Supreme Court of Louisiana
   New Orleans, Louisiana
   April 15, 1991

   United States Court of Appeals
   Fifth Circuit
   New Orleans, Louisiana
   June 13, 1995

   Middle District of Louisiana
   Baton Rouge, Louisiana
   June 13, 1991

   Western District of Louisiana
   Lafayette, Louisiana
   July 10, 1991

   Eastern District of Louisiana
   New Orleans, Louisiana

November 29, 1995

4. I have been in private practice in Baton Rouge, Louisiana since June, 1991, and the vast majority of my practice is comprised of litigation on behalf of consumers under the federal Consumer Credit Protection Act.

5. I have litigated numerous cases under the federal Consumer Credit Protection Act. in the federal district courts in the state of Louisiana including *Simmons v. Expo Enterprises, Inc.*, 2014 WL 3565624 (M.D.La. 7/18/2014); *Cobb v. A&S Collection Associates*, Inc., 2011 WL 4433579 (M.D.La. 2011); *Edwards v. Your Credit, Inc.*, 148 F.3d 427 (5th Cir. 1998), *Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997), *Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997), *Addison v. Braud*, 105 F.3d 223 (5th Cir. 1997), *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997), *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469 (M.D.La. 1995), and *Bukumirovich v. Credit Bureau of Baton Rouge, Inc.*, 155 F.R.D. 146 (M.D.La. 1994).

6. I have filed and/or litigated in excess of three hundred cases under various consumer protection statutes, and which all are private attorney general matters which allow for the award of attorney's fees and costs to the prevailing plaintiffs.

7. My contemporaneously-recorded expenditure of time and expenses in this matter are attached hereto as "Appendix A."

8. My current hourly rate for legal services of this nature is $300.00 per hour, please see the attached redacted contracts for legal services entered into with various clients. (Appendix B).

9. My attorney's fees for myself and for his legal assistant are $4065.00 as shown by my invoice attached as Appendix A, where I billed 13.4 hours and my legal assistant, Kay Thornton has billed 0.5 hours at $90.00 per hour.

10. I am also seeking costs in the amount of $60.58 for the expenses detailed in Appendix

A.

Baton Rouge, Louisiana, this 12th day of November, 2014.

_____
Garth J. Ridge, Esquire

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED JACKSON | CIVIL ACTION NUMBER |
| VERSUS | 13-288-SDD-RLB |
| BENNIE BRASHEARS | |

### ORDER

**CONSIDERING** the *Motion to Enter Order for Award of Costs and Fees*[1] filed by Plaintiff in the above captioned matter;

**IT IS HEREBY ORDERED** that the Motion is GRANTED and Defendant, Bennie Brashears, is to pay Plaintiff's attorney's fees of $4,065.00 and costs and litigation expenses of $60.58.

Baton Rouge, Louisiana the 20 day of August, 2015.

                                                                                               *[signature]*
                                                                                 SHELLY D. DICK, DISTRICT JUDGE
                                                                                 MIDDLE DISTRICT OF LOUISIANA

---

[1] Rec. Doc. 38.



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-6415 |
| Birth Date: | |
| Last Name: | ANDERSON |
| First Name: | SHERMAN |
| Middle Name: | LEE |
| Status As Of: | Feb-06-2018 |
| Certificate ID: | ML2F4LTY73SL0T6 |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.